UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Philip Geary


     v.                                        Civil No. 07-cv-116-PB


Richard M. Gerry, Interim Warden,
New Hampshire State Prison


### O R D E R

Before the Court for preliminary review is Philip Geary's petition for a writ of habeas corpus (document no. 1) filed pursuant to 28 U.S.C. § 2254.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rule") (requiring initial review to determine whether the petition is facially valid).  As discussed below, I find that Geary has sufficiently demonstrated the facial validity of his petition to allow it to proceed at this time.

### Standard of Review

Under this court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation advising the district

judge whether the action, or any portion thereof, should be dismissed because:

> (I) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). In conducting a preliminary review, the Court construes pro se pleadings liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the petitioner and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard

of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988). Applying this standard, the facts alleged by Geary are as follows.

## Background

Geary was convicted of six counts of felony sexual assault and one count of felony witness tampering for engaging in sexual acts with a minor over the course of two years, and then telling the victim not to say anything about the assaults. During his trial on these charges, evidence was admitted of a recorded phone conversation between the victim and Geary. During the recorded conversation, Geary admitted to one act of felonious sexual assault and told the victim not to say anything about the assaults.

In preparing for trial, Geary alleges that his attorney did not file motions important to his defense, including a motion to suppress the recording of the phone conversation with the victim, a motion for a bill of particulars, or a motion to sever the charges against Geary. Geary further alleges that his attorney

failed to properly investigate and challenge the prosecution's case.  In addition, Geary states that, without Geary's consent, his attorney had conceded during opening argument that, Geary had admitted to one count of sexual assault during the recorded phone conversation.

The prosecutor also referred to Geary's admission during the State's opening argument.  Further, in closing, the prosecutor made derogatory comments about Geary, specifically, calling him a "liar."

Geary was convicted after trial in November of 2003.  On February 5, 2004, Geary was sentenced to 40 – 120 years at the New Hampshire State Prison.[1]  After the imposition of his sentence, Geary requested that his trial counsel appeal his conviction to the New Hampshire Supreme Court.  Trial counsel did not file an appeal, as he believed there were no appealable issues in the case.  Geary filed a pro se notice of appeal in August of 2004, but the appeal was denied as untimely on April 7, 2005.

---

[1] Geary received four consecutive 10 – 30 year sentences, two concurrent prison sentences, and one suspended prison sentence. Accordingly, Geary was sentenced to actually serve 40 – 120 years in prison.

Geary returned to the trial court and filed a motion for a new trial on October 1, 2005, alleging that the ineffective assistance of trial counsel and prosecutorial misconduct had violated his rights under both State and federal law.  Prior to the hearing on his motion for a new trial, Geary sought to have his post-conviction counsel, who was appointed by the court, removed and to have new counsel appointed.  The motion was denied and the hearing proceeded in August of 2006, with previously-appointed post-conviction counsel.  The motion for a new trial was denied on December 6, 2006.  A notice of appeal was filed in the New Hampshire Supreme Court by counsel on January 8, 2007. On March 5, 2007, Geary filed a supplemental pro se notice of appeal in the New Hampshire Supreme Court, raising the issue that his motion for new counsel had been improperly denied, as the trial court failed to conduct a proper inquiry into Geary's legitimate concerns regarding his counsel, in violation of Geary's rights under State and federal law.  The second notice of appeal was accepted as a supplement to the first.  However, the New Hampshire Supreme Court declined the consolidated appeal on April 2, 2007.  This petition followed.

Discussion

I.  The Claims[2]

Geary raises the following claims in his petition before this Court:

A.  Denial of the Effective Assistance of Trial Counsel in Violation of the 6th and 14th Amendment Rights to the Effective Assistance of Counsel and to Due Process

1. Geary was denied the effective assistance of counsel when his attorney improperly stated to the jury in his opening statement that Geary admitted that he was guilty of one offense, without Geary's consent;

2. Geary was denied the effective assistance of counsel when his attorney failed to conduct adequate pretrial investigation;

3. Geary was denied the effective assistance of counsel when his attorney failed to properly object to or impeach the state's evidence against him;

4. Geary was denied the effective assistance of counsel when his attorney failed to file motions on Geary's behalf, specifically, a motion to suppress the recording of a phone conversation between Geary and the victim, a motion for a bill of particulars, and a motion to sever the charges;

5. Geary was denied the effective assistance of counsel when his attorney failed to file a notice of appeal on Geary's behalf;

---

[2]The claims as identified in this Order will be considered to be the claims raised in the petition for all purposes. If Geary disagrees with the identification of the claims herein, he must properly move to amend his petition.

    B.    <u>Prosecutorial Misconduct in Violation of the 5th, 6th and 14th Amendment Rights to a Fair Trial, to an Impartial Jury, to not be Required to Incriminate Oneself, and to Due Process</u>

        1.    The prosecution in Geary's case engaged in misconduct by improperly obtaining a recording of a phone conversation between Geary and the victim;

        2.    The prosecution in Geary's case engaged in misconduct by advising the jury in its opening statement, without Geary's consent, that the evidence would include an admission of guilt by Geary, prior to the proper introduction of such evidence;

        3.    The prosecution in Geary's case engaged in misconduct by making improper remarks to the jury in its summation, designed to appeal to the jurors' emotions, specifically, by calling Geary a "liar";

    C.    <u>Denial of Motion for New Counsel in Violation of the 6th and 14th Amendment Rights to the Effective Assistance of Counsel, a Fair Trial and Due Process</u>

    The trial court, in denying Geary's request for new counsel without sufficient inquiry into the legitimacy of the basis for the request, denied Geary due process, a fair trial, and the effective assistance of counsel.

II.  <u>Custody and Exhaustion</u>

To be eligible for habeas relief, Geary must show that he is both in custody and has exhausted all State court remedies, or that he is excused from exhausting those remedies because of an absence of available or effective State corrective processes. <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see also</u> <u>Adelson v. DiPaolo</u>, 131

F.3d 259, 261 (1st Cir. 1997) (citing authority to explain the exhaustion principle). A petitioner's remedies in New Hampshire are exhausted when the petitioner's federal claims have been presented to the State's highest court "fairly and recognizably," so that the State courts have an opportunity to rule on the claims. Clements v. Maloney, No. 05-2411, 2007 WL 1241253, at *3 (1st Cir. Apr. 30, 2007); see Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, Maloney v Lanigan, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim[s] to the State appellate courts so that the State had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the State courts to give them the first opportunity to remedy the claimed constitutional error).

As to the first requirement, petitioner is in custody, as he is serving a State prison sentence pursuant to the convictions in question in this case. Regarding the second requirement, Geary has submitted, with his petition, the motion for a new trial, the motion seeking new counsel, and all the pleadings related

thereto, that were presented to the trial court, as well as the two notices of appeal filed after the denial of those motions. A careful review of the documents that the New Hampshire Supreme Court had before it for consideration demonstrates that, for the claims raised here, Geary has fairly presented each claim, including the federal nature of the claim, to the New Hampshire Supreme Court for review. See Clements, 2007 WL 1241253 at *3 (following Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987) and setting out ways in which a habeas petitioner may fairly present a federal claim to the State courts for exhaustion purposes). I find, therefore, that the claims presented here have been properly exhausted in the State courts to allow petitioner's federal habeas action to proceed at this time.

## Conclusion

I direct that Geary's petition be served on the Respondent. See § 2254 Rule 4. The Respondent shall file an answer or other pleading in response to the allegations made therein. See id. (requiring reviewing judge to order a response to the petition). The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement On Acceptance Of Service, copies of this Order and the habeas

petition (document no. 1). Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order. The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted. <u>See</u> § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties. Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:     May 2, 2007

cc:       Philip Geary, pro se