**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Philip Geary**

    **v.**                                                         Case No. 07-cv-116-PB
                                                          Opinion No. 2008 DNH 036

**Warden, NHSP**

**O R D E R**

Philip Geary filed a habeas corpus petition challenging his state court convictions for sexual assault and witness tampering. The Warden moves for summary judgment, contending that Geary's petition is barred by the one-year statute of limitation for habeas corpus petitions established by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq.

**A.   Procedural History**

Geary was sentenced on February 5, 2004. State v. Geary, No. 2004-0580 (N.H. Apr. 7, 2005) (order dismissing appeal). He filed a notice of appeal with the New Hampshire Supreme Court several months later, on August 26, 2004. Id. On April 7, 2005, the court dismissed Geary's notice of appeal because Geary had

not filed it within the thirty-day time limit set by New Hampshire Supreme Court Rule 7(1)(A).  Id.

Geary filed a motion for new trial on October 1, 2005. Motion for New Trial, State v. Geary, Nos. 02-S-0665, 0666, 0667, 0668, 0669, 0670-F (N.H. Super. Ct. Oct. 1, 2005).  The Strafford County Superior Court rejected the motion on December 6, 2006. State v. Geary, Nos. 02-S-0665, 0666, 0667, 0668, 0669, 0670-F (N.H. Super. Ct. Dec. 6, 2006) (order denying motion for new trial).  Geary challenged this decision in a notice of appeal filed with the New Hampshire Supreme Court on January 8, 2007. Rule 7 Notice of Discretionary Appeal, State v. Geary, Nos. 02-S-0665, 0666, 0667, 0668, 0669, 0670 (N.H. Super. Ct. Jan. 8, 2007).  The New Hampshire Supreme Court declined to hear his appeal on April 2, 2007.  State v. Geary, No. 2007-0022 (N.H. Apr. 2, 2007) (order declining to hear discretionary appeal).

Geary filed his current federal petition on April 19, 2007.

## ANALYSIS

AEDPA establishes a one-year limitation period for federal habeas petitions filed by state prisoners.  28 U.S.C. § 2244(d)(1).  In this case, the limitation period runs from "the

date on which the judgment became final by the conclusion of direct review <u>or the expiration of the time for seeking such review</u>." 28 U.S.C. § 2244(d)(1)(A) (emphasis added).[1]  Excluded from the limitation period is "[t]he time during which a <u>properly filed</u> application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2) (emphasis added).  An untimely pleading such as a late notice of appeal does not toll the running of the limitation period.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Johnson v. Lambdin, No. 8:04-CV-094-T-27MSS, 2007 WL 521920, at *2 (M.D. Fla. Feb. 15, 2007).

    Geary was sentenced on February 5, 2004.  State v. Geary, No. 2004-0580 (N.H. Apr. 7, 2005) (order dismissing appeal) (noting that sentencing took place on February 5, 2004).  The time for seeking direct review of his conviction therefore expired thirty days later, on March 6, 2004.  See Sup. Ct. R. 7(1)(A) (establishing a 30-day period for filing a notice of appeal).  Because Geary did not file a notice of appeal within that time period, AEDPA's one-year statute of limitation began to

---

[1] AEDPA also establishes alternative accrual dates but none of them apply in this case.

run upon the expiration of that thirty-day deadline.  His
untimely August 2004 notice of appeal did not toll the running of
the AEDPA limitation period.  See Pace, 544 U.S. at 417.
Accordingly, the AEDPA limitation period expired on March 6,
2005, well before he filed his current petition.

　　　Geary argues that his conviction did not become final and,
therefore, the AEDPA limitation period did not begin to run,
until the state supreme court disposed of his October 2005 motion
for new trial.  That argument is clearly wrong. Saucier v.
Warden, N.H. State Prison, 215 F.3d 1312, 2000 WL 739713, at *1
(1st Cir. 2000) (unpublished) ("Finality under § 2244(d)(1)(A)
occurs on the conclusion of direct review or the expiration of
the time for seeking such review, but is not determined by the
time for filing a new trial motion under state law, as petitioner
contends" (internal quotations omitted)); see also, e.g., Noland
v. Colo. Dep't of Corr., 112 Fed. Appx. 719, 720 (10th Cir. 2004)
(unpublished) ("[Petitioner]'s conviction became final on
December 3, 1998 because he failed to file a direct appeal within
forty-five days of the date the trial court entered judgment
against him," and its finality was not affected by the timing of
the state court's disposition of his subsequently-filed motion

-4-

for a new trial); Feenin v. Myers, 110 Fed. Appx. 669, 671 (6th Cir. 2004) (unpublished) ("Since [petitioner] did not pursue a direct appeal, his state court convictions became final on May 27, 2000, upon expiration of the 30-day time period during which he could file a direct appeal to the Tennessee Court of Criminal Appeals"); Wilkerson v. Blanks, 100 Fed. Appx. 622, 623 (9th Cir. 2004) (unpublished) ("[Petitioner] contends . . . [that AEDPA's] one-year limitation period did not begin to run until after the California Supreme Court denied his state habeas petition.  We disagree.  [Petitioner]'s judgment became final, and the limitations period began to run, on December 4, 2000, at the expiration of time in which to file an appeal").

Geary fails to identify any other reason why his claim should be saved from the statute of limitations.  Accordingly, I agree that the Warden is entitled to summary judgment.

### CONCLUSION

The Warden's Motion for Summary Judgment (Doc. No. 16) is granted.  Geary's Motion for Summary Judgment (Doc. No. 18) is denied.  The clerk is directed to enter judgment accordingly.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

February 14, 2008

cc: Philip Geary, pro se
    Thomas E. Bocian, Esq.