```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Philip Geary**

    **v.**                                          Case No. 07-cv-116-PB

**Warden, NH State Prison**


### O R D E R

Philip Geary seeks permission to appeal my February 14, 2008 ruling that his habeas corpus petition is barred by the Antiterrorism and Effective Death Penalty Act's one-year statute of limitation for habeas corpus claims.  In that ruling, I determined that the statute of limitation began to run on March 6, 2004, when the time for seeking direct review of his conviction expired.  I also held that the statute of limitation was not tolled by the filing of his untimely notice of appeal.  Thus, I determined that Geary lost his right to seek habeas corpus review in this court because he failed to file his habeas corpus petition until long after the statute of limitation expired on March 26, 2005.  In reaching this conclusion, I specifically rejected Geary's argument that the statute of

limitation did not begin to run until the state supreme court disposed of his motion for new trial, a motion that he did not file until more than a year after his state court conviction became final.  Reasonable jurists would not disagree with the correctness of these rulings.

Geary argues for the first time in his motion for a certificate of appealability that his claims are saved by the habeas corpus petition he filed in this court on September 7, 2006, Geary v. Warden, Case No. 06-cv-334-PB (Doc. No. 1).  This argument is unavailing because Geary filed the petition well after the statute of limitation had run.  Geary also claims that he is entitled to equitable tolling because his attorney provided ineffective assistance in failing to appeal his conviction in state court.  This argument is also without merit.  Counsel's alleged failure to pursue an appeal in state court did not prevent Geary from filing a timely habeas corpus petition in this court.  Instead, Geary's failure to file a timely petition appears to be based on his mistaken view that the time for filing a habeas corpus petition was tolled while his untimely motion to appeal his conviction in state court was pending.  Such errors do not provide a basis for equitable tolling.  See Daleney v.

Matesanz, 264 F.3d 7, 15 (1st Cir. 2001).  Reasonable jurists would not disagree with these determinations.

Geary's motion for a certificate of appealability (Doc. No. 26) is denied.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

July 8, 2008

cc:   Philip Geary, pro se
      Thomas E. Bocian, Esq.